KLEIN, Judge.
The trial court granted a motion filed by the defendants to “compel plaintiff to accept faxed transmissions.” We grant plaintiffs’ petition for writ of certiorari and quash the order.
. Defendants’ motion alleged that when defense counsel attempted to fax a letter to plaintiffs’ counsel, defense counsel was advised that plaintiffs’ counsel does not accept faxes from opposing counsel. The motion further alleged that Florida Rule of Civil Procedure 1.080(b) authorizes service by fax and requested that the court either compel plaintiffs’ counsel to accept faxes and correspondence, or in the alternative be prohibited from sending faxes to counsel in this case.
In his petition for certiorari, plaintiffs’ counsel alleges that he has a policy of not utilizing his fax machine for transmitting or receiving documents from opposing counsel in all cases because of “counsel constantly and continually sending argumentative letters, non-emergency pleadings, and other materials over the fax, which constantly and continuously interrupted his working day.” We conclude that the order compelling plaintiffs’ counsel to accept faxes is a departure from the essential requirements of law for which there will be no adequate remedy by appeal from final judgment.
Although it is true that rule 1.080(b)(5) authorizes service by fax, the rule only authorizes it if copies are also served by some other method permitted by the rule. Service by fax alone is not authorized. .The defendant has provided us with no authority, nor any other reason, why counsel who do not wish to send or receive documents by fax should be compelled to receive them. Clearly a court could not require counsel who does not have a fax machine to obtain one. By like token, we see no reason why counsel who has a machine, but does not wish to use it to send or receive in a lawsuit, should be compelled to do so. We therefore quash the order.
POLEN and TAYLOR, JJ., concur.